IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
On-Briefs August 27, 2003

## DIANNA DAWN MCGAHEY v. DAVIS LEE MCGAHGEY

A Direct Appeal from the Chancery Court for Carroll County
No. 02-DR-0084     The Honorable Ron E. Harmon, Judge

No. W2003-01051-COA-R3-CV - Filed October 1, 2003

This appeal involves a motion for sanctions pursuant to Rule 11, Tenn. R. App. P.  Husband and Wife were scheduled for a contested divorce hearing.  On the morning of the hearing, Husband and Wife negotiated a settlement and Judgment was subsequently entered dissolving the parties' marriage and incorporating their Marital Dissolution Agreement and Permanent Parenting Plan. Thereafter, Wife obtained new counsel and filed a Motion to Alter or Amend the Judgment.  As the basis for her Motion, Wife alleged that she had not received proper representation from her former attorney.  Husband filed a Motion for Rule 11 Sanctions.  Following a hearing, the trial court denied Wife's Motion to Alter or Amend and granted Husband's Motion for Rule 11 Sanctions.  Wife appeals.  We affirm in part, reverse in part.

**Tenn. R. App. P. 3; Appeal as of Right; Judgment of the Chancery Court Affirmed in Part, Reversed in Part**

W. FRANK CRAWFORD, P.J., W.S., delivered the opinion of the court, in which ALAN E. HIGHERS, J. and DAVID R. FARMER, J., joined.

Rosella M. Shackelford, Paris, For Appellant, Dianna Dawn McGahey

Steven L. West, McKenzie, For Appellee, Davis Lee McGahey

**OPINION**

On May 9, 2002, Dianna McGahey ("Plaintiff," "Wife," or "Appellant"), represented by her attorney Vicki H. Hoover, filed a Complaint for Divorce against Davis McGahey ("Defendant," "Husband," or "Appellee).  The Complaint alleged grounds of irreconcilable differences as well as inappropriate marital conduct on the part of Husband.  In addition to her Complaint, Wife filed a Temporary Parenting Plan for the parties' minor children, and an Affidavit in support of the Temporary Parenting Plan.  Wife also filed for a restraining order against Husband to prevent dissipation of the marital assets, along with Notice and Motion for Default Judgment.  A Restraining

Order was entered by the trial court on May 9, 2002. Wife filed a petition for child support and *pendente lite* spousal support, which was set for hearing on May 21, 2002.

On June 4, 2002, Husband filed an Answer and Counter-Complaint along with a Temporary Parenting Plan. Husband's Answer and Counter-Complaint was served on Wife on May 21, 2002 and she filed an Answer to Counter Complaint and an Order for Bill of Particulars on May 24, 2002. On June 5, 2002, Husband filed his Motion for Bill of Particulars and same was set for hearing on August 5, 2002. On June 5, 2002, an Agreed Order was entered, which, *inter alia*, set out a shared parenting plan with no child support obligations by either party.

On June 27, 2002, Husband filed a Motion for Contempt, which alleged, in pertinent part, that Husband had proof that Wife had "been staying on an overnight basis with a paramour and in fact had been residing with this individual with the children present." This Motion for Contempt was set for hearing on August 7, 2002 but was subsequently moved to August 5, 2002, to be heard with the trial on the divorce. Prior to the trial, the parties negotiated a settlement, which included a Marital Dissolution Agreement ("MDA") and a Permanent Parenting Plan. A Judgment was entered on August 5, 2002, which dissolved the marriage and incorporated by reference the parties' MDA and Permanent Parenting Plan.

On August 15, Ms. McGahey, by new counsel, Rosella M. Shackelford, filed a "Verified Motion for Alteration or Amendment of Judgment or in the Alternative, Motion for New Trial (the "Motion"), which reads, in relevant part, as follows:

> 4. Attached hereto and made a part hereof is an affidavit of the moving party wherein she asserts under oath that there were material misrepresentations to her on the part of her attorney and that her attorney did not perform adequately due to her possible impairment and/or inability to function due to emotional distress and that as a result of such impairment and/or inability to function, there was ineffective representation of counsel on her behalf. Furthermore, affiant therein states that it is to her best knowledge and belief that counsel failed to adequately prepare for trial due to her possible impairment and conflicts of time, and because of the affiant's reliance on her attorney's expertise, was wholly and completely deprived of her opportunity of substantial justice and fair play on the day of Court.
>
> 5. Affiant further states and believes that had the Court heard the evidence and testimony of those witnesses present in Court on the day that the judgment would not have been entered as it was, including evidence known to the counsel for the affiant that there were material allegations of sexual molestation against the father by one of the children of the marriage so as to render him unfit as a parent, which

is [in] direct conflict of the permanent parenting plan approved by the Court.

6. Affiant further states and believes that her counsel therein did not fully advise her of all of the rights she had before entering into the Marital Dissolution Agreement and the Permanent Parenting Plan. There was undue coercion and duress exerted upon the affiant because of the failure of the attorney to adequately advise her of the rights.

7. The Permanent Parenting Plan, as incorporated into the Marital Dissolution Agreement, and approved by the Court does not meet the best interests of the children standards as set forth by statute. The moving party herein asserts that had she been fully and competently represented by counsel on the day of the hearing, she would not have entered into any such agreement and she further asserts that there has been ineffective representation of counsel.

Ms. McGahey's allegations against her counsel are more specifically addressed in her Affidavit in support of the above Motion. The Affidavit reads, in relevant part, as follows:

2. That I retained Vicki H. Hoover as my counsel for the purposes of obtaining a dissolution of marriage on or about May, 2002.

3. That during that same period of time, Vicki H. Hoover was actively involved in the election campaign for her husband and law partner Michael Ainley.

4. That on August 1, 2002, her husband and law partner was defeated in such election.

5. That subsequent thereto, on August 5, 2002, the trial in my case was set for final contested hearing.

6. That on or about June 21, 2002, by letter from Steve West, opposing counsel, my attorney was advised of a Motion for Contempt against me. I did not receive notice of this motion until on or about July 18, 2002, and that I was unaware of the nature of the allegations against me until then. That at all times subsequent thereto I denied the truth of such allegations and demanded to see such proof as was supposed to be available and I provided evidence and witnesses as to such facts and circumstances as I know to be the truth.

7. That during a conversation on August 5, 2002, I overheard Steve West say directly to my attorney that there was a videotape made at Tony Miles' house.[1]

8. That I did not have any opportunity to speak with my attorney until after 11:00 am on August 5, 2002. That during such conversation, my witnesses, Kim Rich and Janelle Hainley (sic) were present. I was again led to believe there existed a videotape of me with another man that was damaging to my case. I have never seen such a videotape, nor can one exist, because there were never any facts or circumstances to support such an allegation. My attorney also admitted in the presence of the witnesses that she had not seen such videotape.

9. My attorney advised me at this time that if I didn't accept the offer of settlement wherein the children were to be split up, that I would lose both of my children at trial.

10. I did not understand nor did I comprehend that I could have asked for a continuance, that I could have asked to speak to another attorney, nor did I have time to consult with other individuals for their guidance and support.

11. My attorney was very distracted and angry during the period of time that I was with her. She seemed unable to focus on my case. However, since I had hired her, I believed her to be working on my behalf.

12. When I left her office, I heard her husband and law partner, whom I know to be Michael Ainley, ask her in a very inappropriate manner "Are you still going to take this case." And the response to his statement was "Yeah" but was made in such a manner and fashion that I believed that she did not want to handle the case any further.

13. That my witnesses were present and available, but my attorney did not discuss the facts or circumstances of their testimony.

14. It is my belief and opinion that my counsel of record at the time was impaired to the extent that she could not adequately represent my best interests at the time.

---

[1] According to the record, Tony Miles is alleged to be Ms. McGahey's paramour.

-4-

15. That as a result of the ineffective representation of counsel, I believe that my case was prejudiced, and that I was denied substantial justice and fair play had the Court been able to have heard the evidence that I had and the testimony of my witnesses.

On September 25, 2002, Mr. McGahey filed a "Motion for Sanctions Under Rule 11 Tennessee Rules of Civil Procedure" (the "Motion for Sanctions"). The Motion for Sanctions was supported by numerous Affidavits, including those of Vicki H. Hoover, Meredith Diaz, and Laura Powell. All of the supporting Affidavits disputed the factual allegation made by Ms. McGahey in her Motion and Affidavit. The Motion for Sanctions states, in pertinent part, as follows:

4. Further, no material allegations of sexual molestation against this Defendant was ever made known or alleged as any part of the divorce pleadings and the Mother agreed to a Temporary Parenting Plan wherein the parties shared custody on a week to week basis of the two minor children.

5. The Parties negotiated for much of the morning on August 5, 2002 and the case was not resolved until after the Court took a lunch break on that day.

*                                    *                                    *

8. Attached herewith is the copy of the private investigator's report and a copy of the videotape made available to the Honorable Vicki Hoover on August 5, 2002. The previous temporary parenting plan provided that both parties were specifically ordered not to have a paramour in the presence of the minor children on an overnight basis. A Contempt of Court Motion was pending against the Mother at the time that the agreement was entered into and that Motion was dismissed upon the agreement of the parties as to the Divorce.

9. The specific conduct which violates Rule of Civil Procedure 11.02 is as follows:

a. There was not a reasonable inquiry under the circumstances in that the Honorable Vicki Hoover was not contacted by the attorney for the Mother in order to fully make an inquiry. Such an inquiry is not only reasonable by also necessary under the circumstances.

b. The Verified Motion For Alteration Or Amendment of Judgment Or In the Alternative, Motion for New Trial is being presented for an improper purpose, namely to cause unnecessary delay which is

evidenced by the matter being attempted to be delayed at the request of Mother until December 4, 2002.

c. The legal remedy as sought by the Mother is not warranted by existing law or is a frivolous argument for the extension, modification or reversal of existing law or the establishing of new law if said law exists.

d. The allegations and factual contentions do not have evidentiary support, and are not likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

e. Further, the relief as set forth herein is not consistent with the pleadings and gives further rise to the basis of the Motion to initiate delay and the fact that the Motion is frivolous. The Mother on one hand alleges sexual abuse allegations against the Father but asks the Court to reinstate the terms and condition of the Temporary Parenting Plan entered into on May 9, 2002, which calls for split custody which would result in daughter being with the Father more than she is now with the Father.

Ms. McGahey's Motion and Mr. McGahey's Motion for Sanctions were heard simultaneously on December 4, 2002. At the hearing, proof was presented concerning Ms. Hoover's alleged impairment on the day that the settlement was reached. The proof consisted of Ms. McGahey's testimony concerning Ms. Hoover's alleged behavior on the day of the settlement. Janelle Hanley, who was present on the day of the settlement, also testified that she was acquainted with Ms. Hoover because, as a waitress in Paris, TN, Ms. Hanley had waited on Ms. Hoover several times and had also seen her at certain social functions in the community. Ms. Hanley stated that Ms. Hoover acted "like she [Ms. Hoover] was–she was either really upset about something or she was worried or she had been up because she wasn't very friendly, very little to say or anything."

At the close of all proof, the trial court granted Husband's Motion for Sanctions and denied Wife's Motion. The amount of sanctions was reserved until after a hearing held on January 22, 2003. On February 18, 2003, the trial court entered an Order awarding Mr. McGahey sanctions in the amount of $2,435.00 as attorney's fees. On February 26, 2003, a Motion to Stay Execution Pending Appeal was filed by Rosella M. Shackelford as an intervening Petitioner and bond was posted. On February 27, 2003, an Order was entered to stay the execution of judgment pending appeal.

Wife and her counsel appeal and raise the following issues, as stated in the brief:

1. Whether the court erred in not allowing Plaintiff's attorney an opportunity to respond to the motion for sanctions as it was set to be heard on December 4, 2002;

2. Whether the court erred in filing an order absent specific findings of fact in granting defendant's motion for sanctions;

3. Does the record on appeal reflect that the attorney for plaintiff met the standard of reasonable pre-filing investigation of the fact and where there was no bad faith and no conduct of a reckless manner [sic];

4. Whether the affidavit of Michael L. Ainley, attached as an exhibit to the Defendant's Motion for Sanctions, in which the affiant breached confidentiality regarding a complaint to the Board of Professional Responsibility resulted in prejudice of the court.

Rule 11, Tenn. R. Civ. P., provides, in pertinent part, as follows:

**Rule 11.01 Signature**

Every pleading, written motion, and other paper shall be signed by at least one attorney of record in the attorney's individual name...

**Rule 11.02 Representations to Court**

By presenting to the court (whether by signing, filing, submitting, or later advocating) a pleading, written motion, or other paper, an attorney or unrepresented party is certifying to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances–

(1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;

(2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;

-7-

(3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and

(4) the denial of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information or belief.

**Rule 11.03 Sanctions**

If, after notice and a reasonable opportunity to respond, the court determines that subdivision 11.02 has been violated, the court may, subject to the conditions stated below, impose an appropriate sanction upon the attorneys, law firms, or parties that have violated subdivision 11.02 or are responsible for the violation.

\* \* \*

(3) **Order**. When imposing sanctions, the court shall describe the conduct determined to constitute a violation of this rule and explain the basis for the sanction imposed.

At the close of all proof presented at the December 4, 2002 hearing, the trial court made the following, relevant, statements from the bench:

The Court finds the petition to alter or amend should be overruled. This case was settled with advice of counsel. Counsel was competent at the time. That the allegations in the petition to alter or amend are unfounded by proof and that sanctions will be imposed. Attorney's fees will be awarded to Mr. West, reasonable fees.

The trial court's Order entered February 18, 2003 reads, in relevant part, as follows:

Upon Motion filed by the Plaintiff for Alteration or Amendment of Judgment or in the alternative Motion for New Trial and upon Motion of the Defendant for Sanctions pursuant to Rule 11 of the Tennessee Rules of Civil Procedure; a hearing of the cause before the Court on the 4th day of December, 2002, and the Court being otherwise sufficiently advised;

IT IS HEREBY ORDERED AND ADJUDGED:

1. The Motion of the Plaintiff is hereby denied and overruled.

2. The Motion of the Defendant for Rule 11 Sanctions is hereby granted with the Defendant to recover his reasonable attorney fees, costs, and expenses. The amount of which is reserved. These sanctions are ordered as against the Plaintiff and her attorney jointly and severally.

As cited *supra*, Rule 11.03(3), Tenn. R. Civ. P., clearly requires the trial court to "describe the conduct determined to constitute a violation of [Rule 11] and explain the basis for the sanction imposed." Here, the trial court states that the case "was settled with advice of counsel," and that "the allegations in the petition to alter or amend are unfounded by proof." While the trial court found that there was not sufficient proof to show that Ms. Hoover was incompetent, the fact that Ms. Shackelford lost the case does not constitute a basis for Rule 11 sanctions. The trial court failed to make a specific finding that Ms. Shackelford violated Rule 11 by failing to investigate the facts upon which the Motion was made and by failing to have evidentiary support for the allegations. Such failure to explain is in direct violation of Rule 11.03(3), Tenn.R. Civ. P. Therefore, we reverse the Order of the trial court to the extent that it imposes Rule 11 sanctions upon the Appellant and her counsel. We pretermit Appellant's remaining issues.

Although Appellee raises the issue of whether the trial court erred in overruling Appellant's Motion to Alter or Amend, we note that Appellant has not raised this issue in her brief. Therefore, Appellee's issue is a non-issue.

For the foregoing reasons, we reverse the Order of the trial court imposing Rule 11 Sanctions upon Appellant and her counsel. We affirm the Order in all other respects . Costs of this appeal are assessed against the Appellee, Davis Lee McGahey.

_____
W. FRANK CRAWFORD, PRESIDING JUDGE, W.S.